MICHAEL A. ANTONCICH, Esq.
(State Bar No. 041899)
Attorney at law
232 Madison Street
Monterey, CA 93940
Telephone: (831) 333-1272
Facsimile: (831) 649-1064

Attorney for *Plaintiff*

MARK S. LEE (State Bar No. 094103)
E-mail: mlee@manatt.com
SETH REAGAN (State Bar No. 279368)
E-mail: SReagan@manatt.com
Manatt, Phelps & Phillips, LLP
11355 West Olympic Boulevard
Los Angeles, California 90064-1614
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

Attorneys for *Defendants and Counterclaimants*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT

| | |
|---|---|
| MATTHEW VELASQUEZ,<br><br>Plaintiff,<br><br>v.<br><br>ERIC RACHMANY, CAREY ROURKE, WESLEY FINLEY, MARLEY WILLIAMS, REBELUTION LLC, SILVERBACK PROFESSIONAL ARTIST MANAGEMENT, INC., CONTROLLED SUBSTANCE SOUND LABS, LLC, AND DOES 1-50,<br><br>Defendants.<br><br>ERIC RACHMANY, ROURKE CAREY, WESLEY FINLEY, MARLEY WILLIAMS,<br><br>Counterclaimants,<br><br>vs.<br><br>MATTHEW VELASQUEZ,<br><br>Counter-Defendant. | No. CV12-07304 MMM (SHx)<br><br>**STIPULATED PROTECTIVE ORDER** |

The parties to this action, through their counsel of record, have stipulated and agreed that an order under Federal Rule of Civil Procedure 26(c) is necessary and useful to protect the confidentiality of documents and other information obtained in the course of discovery in this action, and have stipulated and agreed to be bound by the terms of this Protective Order ("Protective Order").

The materials to be exchanged in the course of this litigation may contain confidential information including but not limited to trade secret or other confidential research, marketing, financial or other commercial information. The purpose of this Protective Order is to protect the confidentiality of such materials during the litigation.

## DEFINITIONS

1. The term "Confidential Information" shall mean and include any information disclosed in this litigation, regardless of the medium or manner in which it is generated, stored, maintained, or produced (including, among other things, testimony, transcripts, documents and other tangible things), which is deemed by a party to this case to constitute trade secret, proprietary, or sensitive information, including but not limited to financial data, research and development information; customer and supplier information; company personnel information; marketing strategies and information; strategic business information (including but not limited to business plans, forecasts, cost information, or logistical information); and any other information that affords the producing party in this litigation an actual or potential economic advantage over others.

2. The term "Outside Counsel" shall mean counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed by Manatt, Phelps & Phillips, LLP or Michael A. Antoncich, Esq.

## DESIGNATION

3. Each party to this litigation may designate information as "CONFIDENTIAL" if, in the good faith belief of such party and its counsel, the

materials fall within the Confidential Information definition herein and the disclosure of such information could be prejudicial to the business or operations of such party, or would violate court orders and/or confidentiality restrictions involving parties not involved in this litigation.

4. To designate as "CONFIDENTIAL," the producing party must mark each page of the document with the appropriate designation before producing it. However, for documents produced by another party or a non-party, or court transcripts, or any documents produced prior to entry of this Protective Order, a party can assert confidentiality through correspondence to all other parties that specifically identifies each document that will receive a confidentiality designation.

5. Deposition testimony and/or deposition exhibits shall be designated on the record during the deposition whenever possible. A party may also designate such testimony and exhibits after transcription of the proceedings; a party shall have until twenty (20) days after receipt of the deposition transcript to inform the other party or parties of the portions of the transcript so designated.

6. The disclosing party shall have the right to exclude from attendance at said deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, Outside Counsel (including their staff and associates), the court reporter, the videographer, and the person(s) agreed upon pursuant to paragraph 10 below.

7. Designation of Confidential Information as "CONFIDENTIAL" shall extend to all copies, excerpts, data, summaries, and compilations derived from such Confidential Information, as well as any testimony, conversations, or presentations by the parties hereto or their counsel that discloses such Confidential Information.

8. If a party, through inadvertence, produces any Confidential Information without designating it in accordance with this Protective Order, the designating party may give written notice to the receiving party[ies] that the information produced is deemed "CONFIDENTIAL" and should be treated in

accordance with that designation under this Protective Order. Upon receipt of such notice, the receiving party must treat the Confidential Information as designated hereunder. If the receiving party has already in good faith disclosed the information before receiving such notice, the receiving party shall have no liability for such good faith disclosure, but shall notify the designating party in writing of each such disclosure. Counsel for the parties shall agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL."

## ACCESS AND USE OF PROTECTED MATERIAL

9. All Confidential Information designated as "CONFIDENTIAL" shall not be disclosed by the receiving party to anyone other than those persons designated herein and shall be used solely in connection with this litigation, and not for any other purpose, including any business or competitive purpose or function.

10. Information designated "CONFIDENTIAL" shall be viewed only by (a) Outside Counsel; (b) in-house counsel; (c) outside experts or consultants retained for purposes of this litigation, in accordance with the provisions of paragraph 11; (d) court reporters and videographers in connection with transcribing or recording a deposition or hearing; (e) the Court and its personnel; (f) the jury; and (g) the parties (or employees thereof), provided each such party or employee of a party has read this Protective Order in advance of disclosure and has agreed in writing, by executing an Acknowledgment in the form attached hereto as Exhibit "A," to be bound by its terms.

11. The right of any expert or consultant to receive any information designated "CONFIDENTIAL" shall be conditioned on the expert's prior execution of an Acknowledgment in the form attached hereto as Exhibit "A." Notwithstanding the foregoing, any expert or consultant who works for a competitor of the producing party may not receive Confidential Information of that party.

12. Nothing herein shall prohibit a party, or its counsel, from disclosing a document designated "CONFIDENTIAL" to any person indicated on the face of the document to be its originator, author or recipient.

13. Each person receiving Confidential Information designated hereunder shall maintain it in a manner which ensures that access is limited to persons entitled to receive it under this Protective Order. If such Confidential Information is disclosed to any person other than a person authorized by this Protective Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

## CHALLENGING DESIGNATION

14. At any stage of these proceedings, any party may object to a designation of information as "CONFIDENTIAL." The party objecting to confidentiality shall notify counsel for the designating party in writing of the objected-to materials and the grounds for the objection. The parties shall first make a good faith effort to resolve the objection informally. If the dispute is not resolved within ten (10) business days of receipt of such a notice of objections, the objecting party may file a motion with the Court. Until the Court rules on the motion (or the matter is resolved between the parties), the materials at issue shall be treated as Confidential Information as designated by the designating party.

## FILING UNDER SEAL

15. Any party seeking to file with the Court any documents or other evidentiary material designated as "CONFIDENTIAL" shall seek permission of the Court to file such documents or other material under seal in accordance with Local Rule 79-5.1. A motion to file under seal shall be served on all parties, and the documents or other materials in question shall be lodged with the Court

1  conditionally under seal.

## ADDITIONAL PROVISIONS

16. Nothing herein shall prejudice the right of any party to object to the production of any discovery material on the grounds permitted by the Federal Rules of Civil Procedure, including that the material is protected as attorney-client privileged or attorney work product.

17. Nothing herein shall be construed to prevent disclosure of Confidential Information designated hereunder if such disclosure is required by law or by order of the Court. In the event that such disclosure is required, the party or other person who is obligated to disclose shall promptly upon receipt of the order or other process requiring the disclosure notify the party who designated the Confidential Information.

18. Upon final termination of this action, including any and all appeals, counsel for each party shall, upon request of the producing party, return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries thereof, or shall destroy same at the option of the receiving party, and shall purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Protective Order with respect to all such retained information. Further, attorney work product materials that contain Confidential Information need not be destroyed or returned, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Protective Order with respect to all such retained information.

19. The restrictions and obligations set forth herein shall not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) is already public knowledge; (c) has become public knowledge

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

5

CV12-07304
STIPULATED PROTECTIVE ORDER

1  other than as a result of disclosure by the receiving party, its employees, or its
2  agents in violation of this Protective Order; or (d) has come or shall come into the
3  receiving party's knowledge lawfully and independently of the production by the
4  designating party.
5      20. All provisions of this Protective Order shall survive the conclusion of
6  this action, and shall continue to be binding after the conclusion of this action
7  unless subsequently modified by agreement of the parties or further order of this
8  Court. For the purposes of enforcing this Protective Order and resolving any
9  disputes thereunder, the Court retains jurisdiction over the parties and all persons
10 provided access to Confidential Information under the terms of this Protective
11 Order.
12     21. All persons bound by this Protective Order are hereby notified that if
13 this Protective Order is violated in any manner, all persons and entities who commit
14 such violations are subject to any and all monetary and other sanctions as the Court,
15 after a hearing, deems to be just.
16     22. The Court may modify the terms and conditions of this Protective
17 Order for good cause, or in the interest of justice, or on its own order at any time in
18 these proceedings. Additionally, this Protective Order may be modified by
19 agreement of the parties, subject to approval by the Court.
20     23. The terms and provisions of this Protective Order, and designation of
21 any Confidential Information hereunder, shall also apply to and bind any party who
22 appears in this action subsequent to the entry of this Protective Order.
23     24. The terms and provisions of this Protective Order shall be binding on
24 the parties as a confidentiality agreement regardless of whether the Court ultimately
25 enters it as an Order.
26
27     IT IS SO STIPULATED.
28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

6

CV12-07304
STIPULATED PROTECTIVE ORDER

| | | |
|---|---|---|
| 1 | Dated: May 7, 2013 | MANATT, PHELPS & PHILLIPS, LLP |
| 2 | | Mark S. Lee<br>Seth Reagan |

By: _/s/ Mark S. Lee_____
Mark S. Lee
*Attorneys for Defendants*
Rebelution LLC, Silverback Professional
Artist Management, Inc., and Controlled
Substance Sound Labs LLC.,

*and Attorneys for Defendants and Counterclaimants*

Eric Rachmany, Rourke Carey, Wesley Finley, and Marley Williams

Dated: April 2, 2013     MICHAEL A. ANTONCICH, Esq.

By: _/s/ Michael A. Antoncich_____
Michael A. Antoncich

*Attorneys for Plaintiff*
Matthew Velasquez

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

7

CV12-07304
STIPULATED PROTECTIVE ORDER

1      For good cause shown, the Court GRANTS the parties' Stipulated Protective
2 Order.
3      IT IS SO ORDERED.

Dated: May 8, 2012

The Honorable Margaret M. Morrow
United States ~~District~~ Court Judge

MMo

STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

CV12-07304
STIPULATED PROTECTIVE ORDER

**EXHIBIT A**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW VELASQUEZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ERIC RACHMANY, CAREY ROURKE, WESLEY FINLEY, MARLEY WILLIAMS, REBELUTION LLC, SILVERBACK PROFESSIONAL ARTIST MANAGEMENT, INC., CONTROLLED SUBSTANCE SOUND LABS, LLC, AND DOES 1-50,<br><br>　　　　Defendants.<br><br>ERIC RACHMANY, ROURKE CAREY, WESLEY FINLEY, MARLEY WILLIAMS,<br><br>　　　　Counterclaimants,<br>vs.<br><br>MATTHEW VELASQUEZ,<br><br>　　　　Counter-Defendant. | No. CV12-07304 MMM (SHx)<br><br>**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |

I, _____, declare and say that:

1. I am employed as _____ by _____.

2. I have read and understood the Protective Order entered in the above-entitled cases, and have received a copy of the Protective Order.

3. I agree that I will use any and all "Confidential" information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist Outside Counsel in the litigation of this matter.

4. I agree that I will not disclose or discuss such "Confidential" information with anyone other than the persons with whom I am permitted to discuss such information, as designated, under the terms of the Protective Order.

5. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Central District of California, and all courts in which appeals may be filed in these actions, with respect to enforcement of the Protective Order.

6. I understand that any disclosure or use of "Confidential" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: _____   _____

307933725.1